In re William H. NORTON, Carrie W. Norton f/k/a Carrie A. Woodard *, Debtors.

UNITED STATES of America on Behalf of its Agency INTERNAL REVENUE SERVICE, Plaintiff,

v.

William H. NORTON, Carrie W. Norton f/k/a Carrie A. Woodward **, Defendants.

Bankruptcy No. 80–02504G.
Adv. No. 81–0974G.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 4, 1981.

See also, Bkrtcy., 15 B.R. 623.

* The debtors filed their petition under the name of "WOODARD" (which, we assume is the correct spelling).

** The IRS refers to the debtors as "WOODWARD". Hence we so refer to them in the adversary caption.

Mitchell W. Miller, Philadelphia, Pa., for the debtors, William H. Norton and Carrie W. Norton f/k/a Carrie A. Woodard.

Virginia R. Powel, Sp. Asst. U. S. Atty., Philadelphia, Pa., Judith A. Levinthal, Tax Div., Dept. of Justice, Washington, D. C., for Internal Revenue Service.

James J. O'Connell, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented is whether the Internal Revenue Service ("the IRS") is entitled to relief from the automatic stay provided by § 362(d) of the Bankruptcy Code ("the Code") to permit it to setoff a tax refund due the debtors against the debtors' tax liability for a prior tax year. We conclude that the IRS has failed to state a cause of action upon which such relief may be granted and we will, therefore, dismiss its complaint.

The facts of the instant case are as follows:[1] On October 2, 1980, William H. and Carrie W. Norton ("the debtors") filed a petition and a plan for the adjustment of their debts under chapter 13 of the Code. On April 23, 1981, we confirmed the debtors' plan which provided, inter alia, for the

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

payment in full of the priority claim of $737.97 of the IRS for the tax liability incurred by the debtors in 1978.[2]

Prior to that date, the debtors had filed a tax return for the 1980 tax year which showed they were entitled to a tax refund of $2,052.78. The IRS subsequently refunded $1,314.81 to the debtors but retained $737.97 on account of the 1978 tax liability of the debtors. Thereafter, on May 4, 1981, the debtors filed an application with this court requesting an order directing the IRS to release to the debtors the $737.97 being retained by it. In a related opinion issued today, we granted the debtors' application holding that the IRS was bound by the terms of the debtors' confirmed plan and was, therefore, not entitled to the immediate payment of its claim but only to payment over the life of the debtors' plan. We further held that the retention of the debtors' tax refund was a setoff in violation of § 362(a)(7) of the Code.[3]

On August 3, 1981, the IRS filed the instant complaint for relief from the stay to permit it to setoff the tax refund due the debtors against the debtors' tax liability for 1978. In their answer, the debtors asserted that the IRS's complaint failed to state a cause of action upon which relief can be granted. The debtors further asserted that the IRS acted in violation of the automatic stay by retaining the $737.97 due the debtors. The debtors, therefore, requested that we (1) deny the IRS's complaint, (2) hold the IRS in contempt and fine it, and (3) expunge the IRS's claim and direct the funds due it under the plan be paid to the debtors' attorneys.

As stated above, we have already held, in a related opinion, that the IRS had acted in violation of § 362(a)(7) and have ordered it to pay a fine for that violation. With respect to the debtors' other assertion, that the instant complaint fails to state a cause of action, we agree. The complaint of the IRS states only that the IRS has filed a proof of claim in the amount of $737.97; that the debtors are entitled to a tax refund of $2,052.78; and that the IRS has refunded $1,314.81 and retained $737.97. We conclude that that is insufficient grounds on which to base a request for relief from the stay.

Section 362(d) of the Code provides the grounds for relief from the stay:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). We conclude that the IRS has failed to state a cause of action for relief from the stay based on any of the grounds stated in § 362(d) of the Code. Furthermore, as we stated in our opinion granting the debtors' application for release

---

**2.** Section 1322(a) of the Code provides that a plan under chapter 13 *shall*, in part:

> (2) provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim....

11 U.S.C. § 1322(a)(2). Section 507 provides in part:

> (a) The following expenses and claims have priority in the following order:
>
> ....
>
> (6) Sixth, allowed unsecured claims of governmental units to the extent that such claims are for—

> (A) a tax on or measured by income or gross receipts—
> > (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....

11 U.S.C. § 507(a)(6)(A)(i).

**3.** Section 362(a)(7) provides a stay of "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor...." 11 U.S.C. § 362(a)(7).

of the funds, the IRS is bound by the terms of the debtors' confirmed plan [4] and, therefore, is entitled to payment of its claim only as the plan provides, i. e., over the life of the plan, and not immediately as a setoff would allow.

We will, therefore, deny the complaint of the IRS for failure to state a cause of action on which relief can be granted. However, we do not believe that the debtors are entitled to have the IRS's claim expunged despite the broad reach of § 105(a) of the Code.[5]

---

4. Section 1327(a) of the Code provides:

   (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

5. Section 105(a) provides:

   (a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105(a).